UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-81090-Civ-Ryskamp/Vitunac

UNITED STATES OF AMERICA,

Plaintiff,

vs.

JOHN KORMAN,

Defendant.
_____/

FILED by _____ D.C.

APR 2 3 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on Order of Reference (DE 21), filed January 16, 2009,

from U.S. District Judge Kenneth L. Ryskamp "for all pre-trial matters, to take all necessary and

proper action as required by law, and/or to submit a Report and Recommendation to this Court."

Pending before the Court is the United States' Motion to Dismiss Defendant's Counterclaim (DE

28), filed February 27, 2009. Defendant has not filed a response and the time to do so has expired.

This matter is ripe for review.

BACKGROUND

On September 29, 2008, the United States filed a Complaint (DE 1) seeking to reduce to

judgment Defendant's unpaid federal income tax liabilities for the 1997 tax year. Defendant,

proceeding *pro se*, responded by filing a motion (DE 4) and an amended motion (DE 6) to dismiss

the complaint. The District Court denied both motions and ordered Defendant to file an answer (DE

10). Defendant complied with this order by filing an answer (DE 11) on December 19, 2008.

On December 30, 2008, the United States filed a motion for summary judgment (DE 12).

On January 6, 2009, prior to filing a response to the United States' summary judgment motion,

Defendant timely filed an amended answer (DE 13), which included one counterclaim for fraud. The counterclaim cites 5 U.S.C. § 702 of the Administrative Procedures Act ("APA") as authority for Defendant's allegations that the former Attorney General of the United States, the IRS Commissioner, and IRS employee R.A. Mitchell committed fraud against him by not responding to his "Constructive Notice of Demand for Direct Challenge to Personal Authority"[1] and filing this lawsuit. Defendant "does not seek money damages" but requests an order that the three named government employees "did commit a legal wrong against [him]." The United States now seeks dismissal of Defendant's counterclaim for fraud.

## DISCUSSION

The issue before the Court is whether Defendant's counterclaim for fraud should be dismissed. As a preliminary matter, the Court notes that Defendant's failure to respond to the merits of the United States' contentions regarding his counterclaim may constitute an abandonment of the issues raised in the Motion. See, e.g., Coal. for the Abolition of Marijuana Prohibition v. City of Atlanta, 219 F.3d 1301, 1326 (11th Cir. 2000) (a party's failure to brief and argue an issue before the district court is grounds for finding that issue abandoned); Hooper v. City of Montgomery, 482 F.Supp.2d 1330, 1334 (M.D. Ala. 2007) (a plaintiff's failure to respond to claims in a defendants' motion to dismiss counts of the complaint resulted in dismissal of the claims as abandoned); Hudson v. Norfolk S. Ry. Co., 209 F.Supp.2d 1301, 1324 (N.D. Ga. 2001) ("[w]hen a party fails to respond to an argument or otherwise address a claim, the Court deems such argument or claim abandoned")

---

[1] This 19 page "constructive notice" is attached as Exhibit D to Defendant's amended answer (DE 13) and states that the named government employees "are operating outside of venue and subject matter jurisdiction of the Internal Revenue Service." The letter then cites miscellaneous authorities before stating that Defendant does "not believe [he is] subject to or liable for any federal tax that requires [him] to keep books and records and to file tax returns."

(citing <u>Resolution Trust Corp. v. Dunmar Corp.</u>, 43 F.3d 587, 599 (11th Cir.1995)) <u>but see</u> <u>Boazman v. Econs. Lab., Inc.</u>, 537 F.2d 210, 213 (5th Cir. 1976)[2] (plaintiff's failure to respond to motion to dismiss, even after express order to do so, was insufficient grounds for dismissal). After considering these authorities and with due regard for Defendant's *pro se* status, the Court deems it proper to consider the Motion on the merits notwithstanding Defendant's failure to respond. In so doing, however, the Court cautions that it is under no duty to "distill every potential argument that could be made based upon the materials before it." <u>Dunmar Corp.</u>, 43 F.3d at 599.

The United States seeks dismissal of Defendant's counterclaim based on lack of subject matter jurisdiction and for failure to state a claim. In so doing, the United States relies on Federal Rule of Civil Procedure 12, which provides in part:

> "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction; . . . (6) failure to state a claim upon which relief can be granted . . ."

Fed. R. Civ. P. 12(b)(1), (6). Each basis for dismissal will be addressed in turn.

### THE COURT LACKS SUBJECT MATTER JURISDICTION OVER DEFENDANT'S COUNTERCLAIM

The United States contends that this Court lacks subject matter jurisdiction because the United States has not waived sovereign immunity in this case. Defendant has the burden of establishing subject matter jurisdiction. <u>See</u> <u>Ishler v. Internal Revenue</u>, 237 Fed. Appx. 394, 398 (11th Cir. 2007). Defendant must therefore prove an explicit waiver of immunity. <u>Id.</u>

As a sovereign entity, the United States must explicitly consent to be sued or else the doctrine

---

[2] In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

of sovereign immunity operates as "a complete bar to lawsuits" against the United States. F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994); Raulerson v. United States, 786 F.2d 1090, 1091 (11th Cir. 1986); State of Fla., Dep't of Bus. Regulation v. U.S. Dep't of Interior, 768 F.2d 1248, 1251 (11th Cir. 1985). Congress may waive immunity, but such waiver must be "unequivocally expressed" and should be "strictly construed, in terms of its scope, in favor of the sovereign." Dep't of the Army v. Blue Fox, Inc., 525 U.S. 255, 261 (1999).

Defendant's counterclaim cites 5 U.S.C. § 702 of the APA. Section 702 generally states that "[a] person suffering legal wrong because of agency action" may bring suit against the United States if the person seeks "relief other than money damages." 5 U.S.C. § 702. The Supreme Court holds that this statute "waives the Government's immunity from actions seeking relief 'other than money damages.'" Dep't of the Army, 525 U.S. at 260-61. Section 702 states, however, that "[n]othing herein (1) affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground; or (2) confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought." 5 U.S.C. § 702; see also H.R. Rep. No. 94-1656, at 12 (1976) (expressly stating that section 702 does not change the statutory or rule provisions prohibiting injunctive and declaratory relief, including 26 U.S.C. § 7421, the Anti-Injunction Act ("AIA"), and 28 U.S.C. § 2201, the Declaratory Judgment Act ("DJA")). In this case, the AIA and DJA operate to bar the relief sought by Defendant in the counterclaim.

The AIA prohibits the Court from exercising jurisdiction over actions seeking to enjoin the collection of taxes. This statute provides:

(a) Tax.- Except as provided in sections 6212(a) and (c), 6213(a), 6672(b), 6694(c),

4

> 7426(a) and (b)(1), and 7429(b), no suit for the purpose of restraining the assessment
> or collection of any tax shall be maintained in any court by any person, whether or
> not such person is the person against whom such tax was assessed.

26 U.S.C. § 7421(a).[3] AIA's purpose is to protect the orderly and efficient collection of revenue and

to limit pre-collection litigation. South Carolina v. Regan, 465 U.S. 367, 376 (1984); Bob Jones

Univ. v. Simon, 416 U.S. 725, 736 (1974) (AIA's principal purpose is to protect the government's

ability to "assess and collect taxes as expeditiously as possible with a minimum of preenforcement

judicial interference"); see also Enax v. United States, 243 Fed.Appx. 449, 451 (11th Cir. 2007).

As noted by numerous courts, a " taxpayer's normal recourse is to pay the disputed tax and then file

suit for a refund. See, e.g., Woods v. I.R.S., 3 F.3d 403, app. at 404 (11th Cir. 1993) (citing Bilbo

v. United States, 633 F.2d 1137, 1140 (5th Cir. 1981)).

The Declaratory Judgment Act ("DJA") expressly precludes declaratory relief in a case or

controversy regarding federal taxes. This statute provides:

> In a case of actual controversy within its jurisdiction, **except with respect to Federal
> taxes** other than actions brought under section 7428 of the Internal Revenue Code of
> 1986 . . . any court of the United States, upon the filing of an appropriate pleading,
> may declare the rights and other legal relations of any interested party seeking such
> declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201(a) (emphasis added); see also Willis v. Alexander, 575 F.2d 495 (5th Cir. 1978)

---

[3] None of Section 7421(a)'s statutory exceptions applies here. Sections 6212 and 6213 apply
where a taxpayer seeks Tax Court review of a notice of deficiency. Section 6672(b) concerns the
collection, accounting, and payment of employment taxes. Section 6694 relates to tax return preparer
penalty proceedings. Section 7426 applies in certain third-party wrongful levy actions, and Section 7429
concerns review of jeopardy assessments. Nor does the one limited judicial exception to the AIA, set
forth in Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962), apply in this case. Under
Williams Packing, courts may enjoin the collection of taxes if it can be shown that (1) the United States
would not prevail on its tax claim under any circumstances, and (2) equity jurisdiction otherwise exists.
Id. Here, equity jurisdiction is not present because Defendant has an adequate remedy of law available to
him. See Mathes v. U.S., 901 F.2d 1031, 1033 (11th Cir. 1990); Bowen v. United States, 331 F.2d 149,
150 (5th Cir.1964) (per curiam).

("The very language of the [DJA] precludes a federal court from giving relief in actions involving federal taxes.").

Though Defendant is not so specific, he seems to contend that the named government employees' failure to respond to his "constructive notice" is actionable under 5 U.S.C. § 702. As noted above, however, section 702 expressly states that it does not affect limitations on judicial review found in other statutes, including the limitations established by the AIA and DJA. The Court construes Defendant's counterclaim as a request for injunctive and/or declaratory relief. While Defendant's counterclaim does not expressly contest his underlying tax liability or expressly seek an order restraining collection of unpaid income tax liabilities, his claim nonetheless concerns the collection of his 1997 taxes. Further, Defendant appears to be seeking injunctive relief, in the form of an order stating that three government employees "did commit a legal wrong against him" by "actively participat[ing]" in this lawsuit and/or failing to respond to a "constructive notice," which purports to challenge their "personal authority." Because the AIA bars suits intended to restrain the collection of any tax and because it is apparent to the Court that the relief Defendant seeks would restrain the IRS from eventually assessing or collecting his unpaid tax liability, the Court finds his counterclaim barred by the AIA. Moreover, construing Defendant's counterclaim as a request for declaratory relief, in the form of an order declaring that the employees committed acts of fraud in assessing and collecting his federal tax liabilities, the Court concludes that the DJA's express terms bars such relief.

Lastly, the Court notes that by seeking an order declaring that IRS employees committed acts of fraud against him, Defendant's counterclaim could be construed as a claim under 26 U.S.C. § 7433 seeking relief from the United States for damages resulting from specific types of IRS

6

employee misconduct. Section 7433, states, in pertinent part:

> (a) If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States...such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

26 U.S.C. § 7433(a). Section 7433 is designed to challenge improper conduct of IRS employees when engaging in collection practices. However, this section does not serve as a jurisdictional basis for Defendant's counterclaim for three reasons. First, in his counterclaim, Defendant expressly states that he "does not seek money damages." Second, Defendant has not alleged that he has exhausted his administrative remedies, which is a jurisdictional prerequisite set forth in section 7433(d). Third, section 7433 does not provide for a cause of action for taxpayers to challenge the IRS' assessments of their tax liability. Taxpayers seeking to challenge the IRS' calculation of their tax liability must file either a petition for redetermination in the Tax Court under 26 U.S.C. §§ 6213, 6214, or a refund action in the district court under 26 U.S.C. § 7422. Gonsalves v. I.R.S., 975 F.2d 13, 16 (1st Cir.1992). Section 7433 is not intended to supplement or supersede, or to allow taxpayers to circumvent, these procedures. Id. Here, to the extent Defendant seeks to challenge the IRS' assessments of his tax liability, he must, like any other taxpayer, follow the administrative procedures outlined in the Internal Revenue Code. Based on all of the foregoing, the Court concludes that Defendant's counterclaim should be dismissed for lack of subject matter jurisdiction.

### DEFENDANT'S COUNTERCLAIM FAILS TO SUFFICIENTLY STATE A CLAIM FOR FRAUD

In addition to lacking subject matter jurisdiction, the United States contends that Defendant's counterclaim is due to be dismissed for failure to state a claim for fraud. In ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court must accept as true the factual allegations

contained in the complaint and construe the facts asserted in the light most favorable to the plaintiff. Am. United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1057 (11th Cir. 2007); Glover v. Liggett Group, Inc., 459 F.3d 1304, 1307 (11th Cir.2006); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002). These same rules apply to a Rule 12(b)(6) motion to dismiss a counterclaim. See, e.g., Manuel v. Convergys Corp., 430 F.3d 1132, 1139-41 (11th Cir. 2005) (applying Rule 12(b)(6) general principles to motion to dismiss counterclaim).

A properly pled counterclaim must present a short and plain statement of entitlement to relief. Fed. R. Civ. P. 8(a)(2). Rule 8 requires "only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In order for a claim to survive a Rule 12(b)(6) motion to dismiss, however, the claim must present factual allegations that are properly plead and sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (a party's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"); see also Fin. Sec. Assur., Inc. v. Stephens, Inc., 500 F.3d 1276, 1282 (11th Cir.2007). In deciding whether to grant a motion to dismiss, the Court has to find some recognizable legal theory upon which relief might be granted. Twombly, 550 U.S. at 555.

The United States contends that Defendant fails to sufficiently state a claim for fraud. This Court agrees. Fraud is a "special matter" under the Federal Rules of Civil Procedure, which require that a party alleging fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Courts construe this provision as requiring that some indicia of reliability be given

8

to support the allegation of fraud. U.S. ex rel. Clausen v. Lab. Corp. of Am., Inc., 290 F.3d 1301, 1311 (11th Cir.2002). The purpose of Rule 9(b) is to protect against spurious charges of fraudulent behavior and to alert a party charged to formulate defenses by putting them on notice as to"the precise misconduct with which they are charged." Wagner v. First Horizon Pharm. Corp., 464 F.3d 1273, 1277 (11th Cir. 2006).

Here, Defendant's counterclaim lacks the specificity required by Rule 9(b). Defendant alleges a counterclaim for fraud against "the United States and the [IRS]." The counterclaim speaks only in general terms about conduct by government employees in failing to reply to Defendant's "constructive notice" and then "actively participat[ing] in this instant Action." Neither the counterclaim's allegations or the "constructive notice" attached to Defendant's counterclaim adds factual detail that would support a claim for fraud. Defendant fails to offer some sort of factual basis to provide an indicia of reliability that the conduct by the government employees was undertaken for the purpose of defrauding Defendant. Thus, the Court concludes that Defendant's general conclusory allegations provided in the counterclaim are insufficient to satisfy the particularity requirement of Rule 9(b). Defendant fails to present properly plead factual allegations that are sufficient to raise a right to relief above the speculative level and thus, Defendant's counterclaim should be dismissed for failure to state a claim.

In sum, the Court lacks subject matter jurisdiction over Defendant's counterclaim for fraud. Even assuming, *arguendo*, that subject matter jurisdiction existed, the Court alternatively finds that Defendant has failed to state a claim for which relief can be granted. Consequently, the Court recommends that Defendant's counterclaim be dismissed with prejudice.

## RECOMMENDATION TO THE DISTRICT COURT

Based on the foregoing, this Court RECOMMENDS that the District Court GRANT the United States' Motion to Dismiss Defendant's Counterclaim (DE 28). Defendant's counterclaim should be DISMISSED WITH PREJUDICE.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable United States District Judge Kenneth L. Ryskamp, within ten (10) days after being served with a copy. See 28 U.S.C. § 636(b)(1)(C). Failure to file timely objections may limit the scope of appellate review of factual findings contained herein. See United States v. Warren, 687 F.2d 347, 348 (11th Cir.1982) cert. denied, 460 U.S. 1087 (1983).

DONE and SUBMITTED in Chambers at West Palm Beach in the Southern District of Florida, this 23 day of April, 2009.

ANN E. VITUNAC
United States Magistrate Judge

Copies to:
Honorable Kenneth L. Ryskamp
All parties and counsel of record

10