UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-81090-Civ-Ryskamp/Vitunac

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

JOHN KORMAN,

    Defendant.
_____/

FILED by ___ D.C.
APR 2 3 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on Order of Reference (DE 21), filed January 16, 2009, from U.S. District Judge Kenneth L. Ryskamp "for all pre-trial matters, to take all necessary and proper action as required by law, and/or to submit a Report and Recommendation to this Court." Pending before the Court is the United States' Motion for Summary Judgment (DE 12), filed December 30, 2008. The Defendant filed a Response (DE 17) on January 12, 2009. The United States filed a Reply (DE 20) on January 14, 2009. This matter is now ripe for review.

## BACKGROUND

On September 29, 2008, the United States filed a Complaint (DE 1) under 26 U.S.C. § 7401 and 7402 seeking to reduce to judgment the Defendant's unpaid federal income tax liabilities for the 1997 tax year. The Complaint alleges that, on April 19, 1999, a delegate of the Secretary of the Treasury assessed federal income taxes, penalties, and interest against the Defendant for the 1997 tax year. According to the Complaint, as of June 2, 2008, the Defendant owed $95,915.07 on account of his 1997 tax liability with interest continuing to accrue.

The Defendant, proceeding *pro se*, responded by filing a motion (DE 4) and an amended motion (DE 6) to dismiss the complaint. The District Court denied both motions and ordered the Defendant to file an answer (DE 10). The Defendant complied with this order by filing an answer (DE 11) on December 19, 2008. On January 6, 2009, prior to filing a response to the United States' summary judgment motion, the Defendant timely filed an amended answer (DE 13).[1] On December 30, 2008, the United States filed the instant Motion, maintaining that no material facts are legitimately disputed and thus, summary judgment in its favor is appropriate.

## THE UNITED STATES' MOTION FOR SUMMARY JUDGMENT

The United States contends that the undisputed evidence in this case shows that a tax assessment was properly made against the Defendant based on an income tax return he filed for the 1997 tax year. Attached to the Motion is a certified copy of a Certificate of Assessments, Payments, and Other Specified Matters, also known as Form 4340, which is signed by a certifying officer of the IRS and identifies the Defendant by name and social security number. An accompanying Certificate of Official Record states that the Certificate of Assessments represents "a true and complete transcript . . . of all assessments, abatements, credits, and refunds relating" to the 1997 tax period. Also attached to the Motion is the 1997 income tax return signed by the Defendant and a declaration of IRS Officer Calvin Byrd stating that, as of December 8, 2008, the total amount the Defendant owes on account of his 1997 income tax liability is $98,478.70 and that interest and statutory additions continue to accrue.

According to the United States, the Certificate of Assessments, which establishes a

---

[1] Defendant's amended answer included one counterclaim for fraud. This Court recommends that this counterclaim be dismissed for lack of subject matter jurisdiction and failure to state a claim as set forth more fully in a separate Report & Recommendation (DE 29).

presumption that an assessment was properly made, and Officer Byrd's declaration prove that the United States has a valid assessment for the Defendant's outstanding 1997 federal income tax liability. The United States asserts that the Defendant has cited no evidence to contradict the undisputed material facts of this case, which show that a tax assessment for 1997 was properly made against him based on a tax return he filed, and that he is indebted to the United States for taxes, interest, and penalties in the amount of $98,478.70, as of December 8, 2008, plus interest and statutory additions thereafter. As such, the United States contends it is entitled to summary judgment.

## THE DEFENDANT'S RESPONSE

The Defendant contends that summary judgment should not be granted on two grounds. First, the Defendant argues that there has been no discovery, no interrogatories taken, no depositions scheduled, and no admissions outside of preliminary pleadings. Second, the Defendant argues that "records received from the [IRS] discloses a Fraud upon the Defendant and this Court." The Defendant admits he signed the 1997 tax return, but argues that his return "may have been done in error" in reliance on a professional tax preparer. The Defendant also states that there "is no evidence of any assessment between the years of 2003-2007." The Defendant alleges that the Form 4340 "is corrupt, because it was manually manipulated for the commencement of this action, altering its true nature" and that the Form 4340 "has many questions as to its credibility" and is "clearly deficient in its content and construction (lack of detail using inaccurate miss-leading [sic] man made titles." Attached to the Response are various IRS assessment records and computerized transcripts pertaining to the Defendant. The Defendant claims that information in these records show that the Form 4340 is corrupt.

3

## STANDARD OF REVIEW

Summary judgment is appropriate when, taking the facts in the light most favorable to the nonmoving party, the Court is satisfied that "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); accord Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259 (11th Cir.2004).

The moving party bears the initial burden of establishing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "By its very terms, [Rule 56(c)] provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). Material facts are those "that might affect the outcome of the suit under the governing law," and a genuine material fact is one "such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (there is no genuine issue of material fact if "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party). The movant may meet its burden by presenting evidence demonstrating the absence of a dispute of material fact or by showing that the nonmoving party has not presented evidence in support of an element of its case on which it bears the burden of proof. Celotex, 477 U.S. at 322-23. The moving party need not supply "affidavits or other similar materials negating the opponent's claim." Id.

If the moving party satisfies its burden of demonstrating the absence of a genuine issue of material fact, then the burden shifts to the nonmoving party to "come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita, 475 U.S. at 587. The nonmoving party may not simply rest on allegations or denials in its own pleadings, but must, by affidavits or other means, demonstrate that a material fact issue remains to be tried. Fed. R. Civ. P. 56(e).

## DISCUSSION

The issue before the Court is whether the United States is entitled to summary judgment on its claim to reduce to judgment the Defendant's assessed federal tax. In reducing an assessment to judgment, the United States must first prove that the assessment was properly made. United States v. White, 466 F.3d 1241, 1248 (11th Cir.2006). The submission of a Form 4340 establishes a presumption that an assessment was properly made. Id. Once the United States demonstrates the assessment as indicated on the Form 4340, the taxpayer must then prove that the assessment is erroneous in order to prevail. Id. Thus, the Defendant bears the burden of overcoming the presumption of correctness of the assessment by establishing a genuine issue of material fact with respect to his tax liabilities. Olster v. Comm'r, 751 F.2d 1168, 1174 (11th Cir.1985).

At the outset, the Court rejects the Defendant's argument that summary judgment should not be granted "because there has been no discovery." Discovery need not be complete for a court to grant summary judgment. Cordoba v. Dillard's, Inc., 419 F.3d 1169, 1188 (11th Cir.2005) (stating expectation that district courts will be open to summary judgment motions filed at early stage of litigation if moving party clearly apprises court that prompt decision will likely avoid significant unnecessary discovery). Although discovery need not be complete before a court can grant summary judgment, summary judgment is proper only after the nonmovant is "permitted an adequate

opportunity to complete discovery prior to consideration of the motion." Jones v. City of Columbus, Ga., 120 F.3d 248, 253 (11th Cir. 1997). In this case, the United States filed its Complaint on September 29, 2008. Over two months have passed since the date of the Scheduling Order (DE 24) requiring that all discovery be completed by July 31, 2009. To date, the Defendant has filed no discovery motions or otherwise alleged that he has attempted to conduct discovery without success. filed any documents to show that he has not had an adequate opportunity to complete discovery prior to consideration of the instant Motion. Moreover, the United States has provided the Defendant with presumptive proof of his 1997 tax year assessment, which is based on the tax return he himself filed, including certified documents listing the total amount of taxes owed and credits. Additionally, the Defendant is in receipt of certified account transcripts, master files, and a signed copy of his 1997 tax return. The Defendant has failed to demonstrate the need for any additional discovery. Thus, the Court concludes that the Defendant had an adequate opportunity to complete discovery prior to consideration of the instant Motion, and finds no merit in his allegation that summary judgment should not be granted because there has been no discovery.

In this case, the United States has a valid assessment for the Defendant's outstanding 1997 federal tax liability. This assessment is proven by the Certificate of Assessments, Payments, and Other Specified Matters, Form 4340, which is attached to the United States' Motion. This certified Form 4340 lists the Defendant's unpaid taxes, a withholding credit, penalties, and interest, based on a tax return he filed on June 10, 1998. The Form 4340 also reflects that statutory notices of balance due and intent to levy were sent to the Defendant.

Since the United States has satisfied its burden of establishing that an assessment was properly made, the burden shifts to the taxpayer to prove that the assessment is erroneous. The Court

finds no merit in the Defendant's claims that the Form 4340 is inaccurate and the Defendant has offered no evidence to suggest that the entries in the Form 4340 are incorrect. Indeed, the numeric amounts set forth in the certified Form 4340 are consistent with the information contained within IRS Officer Byrd's declaration and the 1997 federal tax return signed and submitted by the Defendant, both of which are attached to the United States' Motion.

The Defendant's vague and unsubstantiated assertions that the Form 4340 lacks detail and contains inaccurate information simply do not overcome the presumption of correctness that must be given to the assessment. In his Response, the Defendant purports to translate codes and characters contained within various IRS assessment records and computerized transcripts to establish that the Form 4340 is corrupt and has been "manually manipulated for the commencement of this action." This Court disagrees. Indeed, many of the documents submitted by the Defendant reflect the assessed tax of $67,375.00, which is consistent with the Form 4340 submitted by the United States. Additionally, the Court notes that the Defendant fails to point to specific portions of his proffered material in a manner that clearly and accurately explain the technical faults he alleges. See Restigouche v. Town of Jupiter, 59 F.3d 1208, 1213 n.5 (11th Cir. 1995) (the onus rests with the parties "to point to the specific portions of the proffered material which create[] a material issue of fact;" trial courts are not required "to search the record and construct every argument that could have been made based upon the proffered materials).

The Defendant relies on Brafman v. United States, 384 F.2d 863 (5th Cir.1967), to support his position that, in order for there to be a valid assessment of his respective tax liability for taxable years 1997, an assessment officers is required to sign and date a certificate of assessment. The Defendant's reliance on Brafman is misplaced. Brafman involved Form 23C, Assessment Certificate

- Summary Record of Assessments; it did not involve Form 4340, Certificate of Assessments and Payments.

Furthermore, the Defendant's contention that there "is no evidence of any assessment between the years of 2003-2007" is completely irrelevant to this case involving his 1997 tax liability. Lastly, this Court is not persuaded by Defendant's allegation that his return "may have been done in error" in reliance on a professional tax preparer. See generally Olsen Associates, Inc. v. U.S., 853 F.Supp. 396, 401 (M.D. Fla.,1993) ("As a general rule, the duty of filing accurate returns cannot be avoided by placing responsibility on a tax return preparer"). It is clear to the Court, based on a review of the pleadings, the discovery and disclosure materials on file, that the Defendant has failed to demonstrate, by affidavits or other means, any genuine issue of material fact, and summary judgment is appropriate.

Consequently, the United States is entitled to summary judgment on its claim to reduce to judgment the Defendant's assessed federal tax for the 1997 tax year. The unpaid balance of federal income tax assessments against the Defendant should be reduced to judgment because the Form 4340 submitted in support of the Motion is presumptively correct evidence of liability and satisfy the United States' burden of proof. The undisputed evidence in this case shows that the tax assessment for 1997 was properly made against the Defendant based on a tax return that he filed, and that he is indebted to the United States for taxes, interest, and penalties with respect to the 1997 tax year in the amount of $98,478.70, as of December 8, 2008, plus statutory interest, which continued to accrue as of that date.

## RECOMMENDATION TO THE DISTRICT COURT

Based on the foregoing, this Court respectfully RECOMMENDS that the District Court GRANT the United States' Motion for Summary Judgment (DE 12) and that final judgment be entered against John Korman in the amount of $98,478.70, as of December 8, 2008, plus fees, interest, and all statutory additions accruing thereafter as provided by law.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable United States District Judge Kenneth L. Ryskamp, within ten (10) days after being served with a copy. See 28 U.S.C. § 636(b)(1)(C). Failure to file timely objections may limit the scope of appellate review of factual findings contained herein. See United States v. Warren, 687 F.2d 347, 348 (11th Cir.1982) cert. denied, 460 U.S. 1087 (1983).

DONE and SUBMITTED in Chambers at West Palm Beach in the Southern District of Florida, this 23 day of April, 2009.

ANN E. VITUNAC
United States Magistrate Judge

Copies to:
Honorable Kenneth L. Ryskamp
All parties and counsel of record